

FILED

02/23/2017

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## CHARLES MCMAHON, ET AL. v. JAMES FREELS

### Appeal from the Chancery Court for Tipton County
### No. 25648     William C. Cole, Chancellor

———————————————————————

### No. W2015-01557-COA-R3-CV

———————————————————————

Because the order appealed is not a final judgment, we must dismiss this appeal for lack of jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, P.J.W.S., ARNOLD B. GOLDIN, J., AND KENNY ARMSTRONG, J.

Paul Forrest Craig, Memphis, Tennessee, for the appellant, James Freels.

Jeff Ward, Munford, Tennessee, for the appellees, Charles McMahon and Karen McMahon.

### MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable.  Except where otherwise provided, this Court only has subject matter jurisdiction over final orders.  *See **Bayberry Assoc. v. Jones**,* 783 S.W.2d 553 (Tenn. 1990).

Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After this review, it appeared to the Court that it does not have jurisdiction. Specifically, we could find nothing in the record reflecting that the trial court adjudicated the "Motion for Sanctions Against Defendant and Against Counsel for Defendant" filed in the trial court on June 16, 2015.

Thus, by Order entered on November 23, 2015, the Court directed Appellant James Freels to obtain entry of a final judgment in the trial court or else show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment. Appellant filed a response to our Order on December 21, 2015, stating therein that a hearing on the "Motion for Sanctions Against Defendant and Against Counsel for Defendant" had been tentatively scheduled for February 1, 2016. Consequently, the Court entered an Order on January 8, 2016, holding this appeal in abeyance to permit the parties to obtain entry of a final judgment. Our Order of January 8, 2016, also provided "the trial court clerk is hereby directed to, within five (5) days of the entry of the trial court's order disposing of the outstanding motion, transmit a certified, supplemental record containing the order to the Clerk of this Court."

As of April 26, 2016, the Clerk of this Court had not received a supplemental record containing an order on the "Motion for Sanctions Against Defendant and Against Counsel for Defendant" that was scheduled for hearing on February 1, 2016. Thus, by Order entered on that date, the Court directed Appellant to, within ten (10) days of the entry of that Order, show cause why this appeal should not be dismissed for failure to appeal a final judgment. Appellant submitted a response on May 13, 2016, and stated that: 1) the trial court had conducted a hearing on the outstanding motion on February 1, 2016; 2) the trial court denied the motion; 3) an order would soon be entered; and, 4) Appellant anticipated forwarding the order to the Appellate Court within the next week.

As of this date, the Clerk of this Court has not received a supplemental record and there is no final judgment. Consequently, the Court does not have subject matter jurisdiction of this matter and the appeal must be dismissed.

## Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed without prejudice and the case remanded to the trial court for further proceedings consistent with this Opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to the appellant, James Freels, for which execution may issue if necessary.

## PER CURIAM